# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ANTONIO WHATLEY,

    Plaintiff,

    v.
                                   **Case No. 19-CV-1173**

WILLIAM POLLARD, *et al.*,

    Defendants.

---

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Antonio Whatley is a Wisconsin state prisoner representing himself in this 42 U.S.C. § 1983 action. He filed this case in the Western District of Wisconsin, where District Judge James Peterson allowed him to proceed against the defendants on an Eighth Amendment claim related to being housed in a cell with a clogged toilet for two months. (Docket # 7.) Judge Peterson granted the defendants' motion to transfer the case to this District shortly thereafter. (Docket # 18.) The defendants have now moved for summary judgment and/or for judgment on the pleadings. (Docket # 25.)

## REQUESTS TO ADMIT

The first issue I must address is whether to consider the requests to admit to which Whatley failed to respond as admitted for purposes of deciding this motion. Under Fed. R. Civ. P. 36(a)(3), a request to admit is considered admitted unless the party on whom it was served timely responds (within 30 days). Fed. R. Civ. P. 36(b) allows those admissions to be withdrawn by motion of the party. The defendants mailed Whatley the requests to admit on

December 11, 2019. (Dec. of Eliot M. Held, Docket # 30 at ¶ 2.) To date, Whatley has not responded to the requests to admit.

It is "well established" in this circuit "that *pro se* litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). But federal courts, including in this district, "are generally 'reluctant to use Rule 36 . . . as a snare for . . . unwary *pro se* [litigants].'" *Davis v. Schott*, Case No. 17-CV-1355-JPS, 2019 WL 2717207, at *2 (E.D. Wis. Jun. 28, 2019) (citing *United States v. Turk*, 139 F.R.D 615, 617–18 (D. Md. 1991) (holding that it would not serve the interests of justice to grant summary judgment against *pro se* defendant who failed to respond to requests for admission without otherwise giving him the opportunity to be heard on facts central to the litigation)). Whatley is not only *pro se* but is also a prisoner, so his resources and time are even more limited than an unrepresented plaintiff who is not in custody. And while the defendants did cite to Rule 36 in their requests to admit, they never moved to compel Whatley to respond to the requests. *See United States for Graybar Elec. Co., Inc. v. TEAM Const.*, LLC, 275 F. Supp. 3d 737, 745 (E.D.N.C. 2017) (declining to allow party to rely on unanswered requests to admit in part because the party did not file a motion to compel).

Furthermore, courts have discretion in determining whether a party should be allowed to withdraw or amend an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party." Fed. R. Civ. P. 36(b); *see Schendzielos v. Borenstein*, Case No. 15-cv-00564-RBJ, 2016 WL 614473, at *4 (D. Colo. Feb. 16, 2016) (ordering withdrawal of any deemed admission at summary judgment where it preserved the presentation of the merits of the case and would not prejudice the party). Prejudice "does not simply mean that the party who

2

obtained the admissions will now have to argue the merits of the case." *Paymaster Corp. v. Cal. Checkwriter Co.*, Case No. 95 C 3646, 1996 WL 543322, at *2 (N.D.Ill.1996) (citing *Hadley v. United States*, 45 F.3d 1345 (9th Cir.1995)). Having to gather evidence "does not rise to a [justifiable] level of prejudice." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1268 (11th Cir. 2002).

Given that the defendants never moved to compel and that the admissions concern allegations they knew, based on the complaint, would be central to the litigation and need to be investigated, I decline to allow the unanswered requests for admission to be evidence for purposes of summary judgment.

## SUMMARY JUDGMENT

The defendants move for judgment on the pleadings—in addition to moving for summary judgment—based on the unanswered requests to admit. (Docket # 26 at 4.) Because I am not considering the unanswered requests to admit, I will decide the motion using the summary judgment standard.

### Summary Judgment Standard

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

*Facts*

I have considered the defendants' proposed findings of fact, Whatley's responses to those proposed facts, and declarations from Jay Van Lanen and Jeffrey Moehn. I have also considered Whatley's declaration, which he initially failed to file along with his response materials. He did eventually file it, however, after I gave him the opportunity to do so. I will consider it to the extent it is based on personal knowledge or supported by citations to the record.

Whatley is an inmate at Green Bay Correctional Institution. (Defendants' Proposed Findings of Fact, Docket # 27 at ¶ 1.) Whatley was housed in Cell 319 of the Restrictive Housing Unit ("RHU") from November 15, 2018 to January 4, 2019. (*Id.*, ¶ 2.) According to Whatley, the toilet was clogged when he arrived. (Dec. of Antonio Whatley, Docket # 43

4

at ¶ 1.) Jeffrey Moehn, a plumber at GBCI, repaired the toilet in Cell 319 on November 14, 2018 (the day before Whatley was placed there) by replacing the flush diaphragm. (Dec. of Jeffrey Moehn, Docket # 29 at ¶¶ 5–6.) The toilet was (at least at that time) "working fine." (Docket # 29 at ¶ 5.)

Whatley asked to be placed in another cell after he found out about the "complications" with the toilet. (Docket # 43 at ¶ 3.) He had to relieve himself in a toilet that did not function properly. (*Id.*, ¶ 4.) Each time Whatley complained that his toilet was clogged, a work order was put in the same or next day. (Docket # 27 at ¶ 5.) A plumber fixed the problem the same day the work order was put in. (*Id.*)

Specifically, the record shows that the plumber made four service calls to Cell 319 in the approximately seven weeks between November 14, 2018 and January 4, 2019. (Docket # 29 at ¶ 4.) In addition to fixing the flush diaphragm on November 14, 2018, the plumber repaired the toilet on November 26, 2018 after receiving an email the previous night. (*Id.*, ¶¶ 7–8.) He returned the next day, November 27, 2018, to clean the toilet drain after receiving an email that the toilet was clogged. (*Id.*, ¶¶ 9–10.) He also repaired the toilet on January 4, 2019 by unplugging it and snaking the drain. (*Id.*, ¶ 12.) Removing the clog required the janitor to put on gloves to remove as much as he could, followed by the plumber snaking the rest. (*Id.*, ¶ 14.) The plumber avers that this is uncommon for a flushometer toilet (the type in Cell 319) because it has a high volume and fast flush. (*Id.*)

The defendants contend that Whatley was plugging his toilet on purpose (docket # 27 at ¶ 4), but Whatley declares under penalty of perjury that he did not (docket # 43 at ¶ 1).

5

*Analysis*

Whatley is proceeding on a claim under the Eighth Amendment based on his conditions of confinement. Prisons "must provide inmates with 'the minimal civilized measure of life's necessities,'" *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)), and a prison official who deprives an inmate of "'humane conditions of confinement'" violates the Eighth Amendment, *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1984)). That deprivation must be "'objectively, sufficiently serious'" and the official must have acted with "'deliberate indifference to inmate health and safety.'" *Id.* (quoting *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016) (per curiam)).

Because the defendants relied heavily on the requests to admit and because Whatley's declaration does not contain much detail, the record is sparse and not very developed. However, Whatley does not contest a critical fact: that a work order was put in either the same day or the day after he complained about his toilet. As explained above, a defendant must act with "deliberate indifference" to the complained about condition in order to be liable. Whatley has not contested that his complaints about his toilet were addressed in a timely fashion. Based on this record, then, the only conclusion is that Whatley complained about his toilet and the defendants to whom he complained took the necessary steps to have it fixed. Therefore, no jury could find that the defendants acted with deliberate indifference to the issues with his toilet. The defendants are entitled to summary judgment.

6

*Doe Defendant*

Finally, I note that Whatley was allowed to proceed against a Doe defendant. However, Whatley never identified her, so she was never served. That means that she never had the opportunity to consent to magistrate judge jurisdiction (that is, consent to me deciding the case). However, Doe "defendants" are not really defendants at all. In fact, the Court of Appeals for the Seventh Circuit has explained that including Doe defendants is "pointless" in federal court; it does not open the door for relation back under Federal Rule of Civil Procedure 15 or help the plaintiff in any other way. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir.1997) (citing Fed. R. Civ. P. 15; *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir.1996)). Because the Jane Doe defendant is not actually a party, I do not need her consent to decide the motion and dismiss the case. *Cf. Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment or judgment on the pleadings (Docket # 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 4th day of November, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

8